## (May 19, 1966)

■ DUBONNET FABRICS, INC., Respondent, v. FIRST NATIONAL CITY BANK OF NEW YORK et al., Appellants.

APPEAL from an order of the Supreme Court at Special Term, entered May 19, 1964 in New York County, which denied a cross motion by defendants for summary judgment.

*Per Curiam.* The plaintiff corporation in this case sues the defendant banks for having deposited checks made to the order of the corporation, in an account, not of the corporation, but of a partnership of the same name. The defense of the banks is that the checks belonged to the partnership rather than to the corporation and, consequently, the plaintiff has no cause of action.

The defendants moved for summary judgment dismissing the complaint, which motion Special Term denied.

In support of its application the defendants relied exclusively upon an admission made by the president of the plaintiff corporation in another proceeding (Action No. 1) where this same plaintiff sues Crompton-Richmond, its factor. The defendants are not a party to that action.

In order to better understand the significance of the admission, we must consider briefly the issues presented in that action. The factor held two accounts, one concededly, of the plaintiff corporation and the other (Account No. 2) which the plaintiff alleges here and in the companion action, belonged to the partnership rather than to the corporation. The admission relied on by the defendants for summary judgment is as follows: "It was recognized by all concerned — including the officials of Crompton-Richmond — that Account No. 2 was to be for the exclusive benefit and use of the Company, not the corporation."

Defendants urge that inasmuch as there was an admission that " Account No. 2 was for the exclusive benefit and use of the company and not the corporation " it establishes as a fact, that the checks made in the name of the corporation, but credited to the partnership account, really belong to the partnership and, therefore, the corporation has no claim. The weakness of the defendants' position is that the evidence is not sufficiently clear with respect to what extent, if any, the checks so deposited were referable to Account No. 2. The admission must be broad enough to indicate that the checks in question were properly issued against Account No. 2. We do not think that this record establishes that fact. Accordingly, it cannot be said that the defense is established by the admission relied upon, and summary judgment may not be had. There certainly are issues of fact which need to be tried.

The order should be affirmed, on the law, on the facts and in the exercise of discretion, with costs and disbursements.

STEUER, J. (dissenting). Dubonnet Fabrics, Inc. (herein the corporation) is a corporation which deals in imported silks. Its accounts were factored by Crompton-Richmond Co., Inc. (herein factor). At the time the events underlying these two actions took place, one Froom was president of Dubonnet

Fabrics, Inc. He was a partner in Dubonnet Fabrics Co. (herein the company), a partnership which dealt in domestic silks. The company was unsuccessful in efforts to obtain needed financing until, at the instance of the corporation, the factor agreed to factor its accounts. The agreement entered into provided that the factor would make advances upon invoices of goods sold by the company. The advances were, however, to be by check to the corporation and to be delivered to the place of business which was occupied by both the corporation and the company. The account was also in the name of the corporation but was designated as Account No. 2, to distinguish it from Account No. 1, which was the account through which the corporation's transactions were factored. The checks were deposited in the First National City Bank (herein the bank) in an account in the name of the company.

For several months Account No. 2 remained in general balance, that is, the factor's advances roughly equalled the face of the invoices. But thereafter the factor made several unsecured loans or advances to the company so that Account No. 2 showed a debit balance of some $50,000. The checks representing these advances were processed in the same manner as those representing the advances against invoices. It is the corporation's contention that at all times the factor, in making both the secured advances, intended to and did make them to the company. Nevertheless, the factor has claimed to set off a credit in Account No. 1 (the corporation's) against the indebtedness in Account No. 2. The corporation is suing the factor for the sums so appropriated. That is the action designated as Action No. 1.

At the same time the corporation is suing the bank for the amount of the checks made out by the factor to the corporation which the corporation says were delivered to it, though intended by all parties to be for the use of the company pursuant to Account No. 2 with the factor — which checks were deposited in the bank by the company in its account. This is Action No. 2.

The corporation moved to consolidate. The bank in Action No. 2 cross-moved for summary judgment. In the view I take, it is unnecessary to consider the motion to consolidate, as I believe the bank's cross motion should be granted. It is plaintiff's avowed contention that none of the checks going into the company's account at the bank was intended by the factor to go to the plaintiff corporation. It is for that reason that it asserts that any credit in behalf of the factor by virtue of the issuance of these checks is an indebtedness of the company and hence the factor has no right to set off the corporation's credit to meet that indebtedness. In fact, the only excuse it has for suing the bank is that if the factor should prevail in the corporation's action against it, that would mean that the checks did belong to the corporation. Aside from the fact that this means that plaintiff in basing its claim in Action No. 2 on the premise that the version of the facts it insists on in Action No. 1 (a version it nowhere retracts) is wrong, the position is untenable. The factor may prevail, if it does, for reasons that do not affect the company's ownership of the checks. But much more significantly, it does not dispute now, and it never disputed heretofore, that the deposits of the checks were made by the company without objection on its part — in fact, with its approval. So that on the corporation's own version of the facts and its own contentions, it has no cause of action against the bank, and summary judgment should be awarded to the latter.

This action having been thus disposed of, the motion to consolidate becomes academic.

The order denying summary judgment should be reversed and summary judgment granted to defendant with costs. The appeal from the order denying consolidation should be dismissed as academic, without costs.

Botein, P. J., Rabin and McNally, JJ., concur; Steuer, J., dissents in opinion.

Order, entered on May 19, 1964, so far as appealed from, affirmed, with $50 costs and disbursements to the respondent.